NO. 07-12-0370-CV
 
 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 OCTOBER 4, 2012
 ______________________________

 In re: LUIS S. LAGAITE, JR.,

 Relator
 _______________________________

 On Original Proceeding for Writ of Mandamus
 _______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 Pending before the court is the application of Luis S. Lagaite, Jr., for a writ of mandamus. In his application, he contends that the trial court has "wholly failed to act upon or complied with the 7[th] Judicial District Court of Appeals[`] Mandate[s], Order[s] and Opinion[s] that [were] issued on 11-16-09 and 2-5-10." He further contends that the trial court did not provide him a "timely hearing," which in turn denied him federal equal protection and due process. Purportedly, this issue concerns relator's motion for Judge Ana Estevez to recuse herself. Therefore, relator asks us to "enforce [our] November 16, 2009 and February 5, 2010 order[s] . . . and to enter a judgment of default of 180 days by the trial court . . . and to vacate any hearing held on 2-1-12 that was not in consistency with this Honorable Court's Mandate, Order and 11-16-09, 2-5-10 proceedings." We deny the application for a writ of mandamus.
 In researching this court's files we find that the November 16, 2009 "order" alluded to was issued in cause number 07-08-0484-CV, wherein we reversed the trial court's order dismissing Lagaite's suit as frivolous and remanded the matter to that court. The "order" dated February 5, 2010, is actually the date that mandate was issued in cause number 07-08-0484-CV. 
 Regarding the request that we enforce our judgment in cause number 07-08-0484-CV, the court granted relator all the relief requested by reversing the judgment and remanding the cause. The trial court was not directed to take any other action via our judgment and opinion. Thus, Lagaite received from us that to which he was entitled, a reversal and remand. 
Regarding the issue about the motion to recuse Judge Estevez, the appropriate procedure for addressing same is found in Rule 18a of the Texas Code of Civil Procedure. The record fails to disclose whether Lagaite attempted to comply with the requirements of that rule. Moreover, a decision to deny the recusal is reviewable through appeal from a final judgment. Tex. R. Civ. P. 18a(j). No final judgment has been entered in the cause at issue. 
Finally, concerning Lagaite's request that we enter a default judgment, we do not have nor has relator provided us citation to any authority indicating that we may enter a default judgment in a suit pending before a trial court, simply because the trial judge has not held a trial. Without such authority, we will deny the request. 
 Accordingly, we deny relator's application for a writ of mandamus. 
 Brian Quinn
 Chief Justice